IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER E. McDOWELL,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-4756 |
| | : | |
| DEPARTMENT OF HUMAN<br>SERVICES, *et al.*,<br>    Defendants. | :<br>:<br>: | |

## MEMORANDUM

**ROBRENO, J.**                                                                                     **FEBRUARY 9, 2022**

Currently before the Court are a Complaint and related documents filed by Plaintiff Jennifer E. McDowell.  (ECF Nos. 2, 20 & 21.)  For the following reasons, the Court will dismiss McDowell's Complaint with prejudice.

**I.       FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

On October 25, 2021, McDowell submitted her Complaint, which names the Department of Human Services and Sabrina Afth of the "Northwest Treatment Center" as Defendants (ECF No. 2 at 2-3),[1] along with a Motion to Proceed *In Forma Pauperis* (ECF No. 1).  The Complaint reflects McDowell's intention to raise constitutional claims, presumably pursuant to 42 U.S.C. § 1983, for violation of her due process and equal protection rights.  (ECF No. 2 at 3.)  She alleges that the events giving rise to her claims occurred from September 2014 through October 2021 in Norristown, Harrisburg, and Philadelphia "while place[d] under investigation by the Department of Human Service Child Welfare Agency."  (*Id.* at 4.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

The allegations supporting McDowell's claims generally concern a DHS investigation against her that McDowell alleges was conducted in a manner intended to harass her and destroy her life. In that regard, McDowell alleges that DHS's "goal was not to actually commit to an investigation totally but to make sure that the object of investigation lives in fear and oppression especially minorities the poorer the better the outcome." (ECF No. 2-1 at 1.) She adds that DHS "through their policies and procedures committed Political Abuse of Psychiatry and solicited thousands of people to target [her] and destroy [her] quality of life and who [she is] as a person." (ECF No. 2 at 4.)

McDowell suggests that the car she was driving was hit twice in connection with the DHS investigation as part of a "process used to gather data on a subject for a mental thought process disorder." (*Id.*) She also alleges that DHS contacted every employer she worked for between 2014 and 2021 "as part of their investigation against [her] to assure that it would result in a termination." (*Id.*) McDowell faults DHS for allegedly watching and directing "an abusive relationship that resulted in an assault (covert agenting)" for "a particular outcome." (*Id.*) She alleges that her landlords, employers, and neighbors all participated in "gang stalk[ing]" her and using "key words" to harass her "for triggers." (*Id.*) The Complaint also alleges that DHS "became a third party" on McDowell's lease, (*id.*), surveilled her through her "personal digital device" to listen to her conversations and identify her location for twenty-four hours a day seven days a week "to create fake leads to grow their investigation," and manipulated music that she listed to for purposes of invading her privacy and destroying her character. (ECF No. 2-1 at 2.) McDowell also lists numerous third parties who allegedly participated in the "harassment" against her by "targeting" her at work, harassing her while commuting, or making her daily life more difficult. (*See id.* at 1-7.)

McDowell alleges that her two youngest children were taken into the custody of DHS. (*Id.* at 7.)  One incident discussed in McDowell's allegations concerned a time when she called a child abuse hotline to report an event that happened to one of her daughters.  (*Id.*)  McDowell's other daughter allegedly "reported back" that her "worker Sabrina Afth from the North East Treatment Center said that if she want to talk to her that she did not have to call the childline hotline that she could of just told her herself."  (*Id.*)  McDowell alleges that Afth wanted to mitigate the incident to cover it up.  (*Id.*)  It appears McDowell is unhappy about the placement of her daughters into the custody of DHS.  (*Id.*)

McDowell alleges that she suffered extreme emotional damage as a result of these and other acts.  (ECF No. 2 at 5.)  In the section of the form complaint that asks the drafter to describe the relief sought from the Court, McDowell wrote "I believe in the constitution and the importance of the rights that are afforded to me as [a] United States citizen."  (*Id.*)

McDowell attached an exhibit to her Complaint titled "Amended Petition for review," dated September 19, 2021, which appears to have been drafted in connection with an appeal in the Pennsylvania Commonwealth Court to which she was a party.  (ECF No. 2-1 at 8-17.)   The document raises allegations against DHS similar to those raised in McDowell's Complaint and accuses DHS of committing various crimes against her.  The listed docket number refers to an appeal filed by McDowell from an order of the Philadelphia Court of Common Pleas, which dismissed her emergency motion for a protection order based on allegations similar to those at issue in this case.  *McDowell v. Dep't of Hum. Servs.*, 264 A.3d 832 (Pa. Commw. Ct. 2021) (unpublished table disposition), *reconsideration denied* (Nov. 8, 2021).  The motion was dismissed without prejudice as "procedurally improper" and McDowell's appeal was dismissed due to her failure to "articulate any discernable grounds for appeal" and failure to file a Rule

3

1925(b) statement. *Id.* Shortly after submitting her Complaint in this case, McDowell filed an Emergency Motion for a Preliminary Injunction and Temporary Restraining Order and an Exhibit. (ECF Nos. 5 & 6.)

In a November 9, 2021 Order, the Court denied McDowell's Motion for Leave to Proceed *In Forma Pauperis* because it was unclear from McDowell's filing how she supported herself financially. (ECF No. 7 at 2.) However, the denial was without prejudice to McDowell either "renewing her request to proceed *in forma pauperis* upon clarifying her financial circumstances" or paying the $402 in fees to commence her case within thirty days. (*Id.*) In a November 10, 2021 Order, the Court denied McDowell's Emergency Motion for a Preliminary Injunction and Temporary Restraining Order because the Motion was based on "frivolous arguments" and failed to explain how McDowell was reasonably likely to succeed on her claims. (ECF No. 8 at 1 n.1.) The Court also noted that it would take "no action" on McDowell's Complaint until she complied with the November 9, 2021 Order. (*Id.*) McDowell responded by refiling her Emergency Motion for a Preliminary Injunction and Temporary Restraining Order on November 13, 2021, which the Court denied for the same reasons stated in its November 10, 2021 Order. (ECF Nos. 9 & 10.)

McDowell failed to comply with the Court's November 9, 2021 Order. However, on December 10, 2021, she filed a document entitled "Amended Petition to Add Defendant Parties," which listed twenty-eight Defendants whom she apparently sought to sue without any explanation as to the basis for her claims against them.[2] (ECF No. 12.) In a December 16, 2021

---

[2] In this filing, McDowell sought to add as Defendants: (1) BSC PL 5A LLC and ODH One LLC; (2) The Residences & Towns at Governor's Square a/k/a Governor Square Apartments, located in Harrisburg, Pennsylvania; (3) Jane Addams Shelter; (4) Lutheran Settlement House; (5) Housing Choice Program a/k/a Section 8; (6) Greyhound; (7) Benjamin Franklin Elementary School, located in Harrisburg; (8) Cheltenham School District; (9) MV Transportations; (10)

4

Order, the Court gave McDowell another opportunity to either pay the fees or seek leave to proceed *in forma pauperis* in accordance with the November 9, 2021 Order, and also directed her to file a "comprehensive amended complaint that identifies all of the Defendants in the caption of the amended complaint and clearly sets forth the basis for [her] claims against them." (ECF No. 13.) On December 30, 2021, McDowell filed a Motion to Proceed *In Forma Pauperis* (ECF No. 14), an "Emergency Motion for Preliminary Injunction and for a Temporary Restraining Order" with attached exhibits totaling 144 pages (ECF No. 15), and a filing indicating that she sought to add additional defendants in accordance with a list she provided (ECF No. 16). As with her prior effort to add Defendants, the list did not describe any basis for claims that McDowell sought to raise against these putative Defendants.[3] On January 1, 2022, McDowell filed a document in which she asked "the court for more time . . . to amend her initial claim and amend her amend[ed] motion for an Emergency Preliminary Injunction and Temporary Restraining Order." (ECF No. 17.) Shortly thereafter she filed an "Amended Petition to Add Defendant Parties" identifying another seven putative defendants to this lawsuit without providing any basis for the claims against them.[4] (ECF No. 18.)

---

Avis Uber; (11) Uber; (12) Legal Seafood; (13) Municipality of Norristown, Norristown Police Department; (14) Philadelphia Police 39th District; (15) Philadelphia Electric Company a/k/a PECO; (16) David Cohen Ogontz Library; (17) James Phillips; (18) Tonetta Atkins; (19) Joseph Frazier; (20) Ryan R. Bumbaugh; (21) Raymond Stinston; (22) Apple Tree Family Central Intake Center a/k/a Office of Homeless Services; (23) Judge Barbara Pianka; (24) Greyhound Maintenance Center; (25) First Student; (26) Axcess Dental Group; (27) Rebecca Tweet of "Children and Youth Dauphin County"; and (28) Betsy Jo Glossner of "Children and Youth Dauphin County."

[3] This list names the original Defendants and the Defendants McDowell identified in the list she submitted on December 10.

[4] In this filing, McDowell sought to add as Defendants: (1) Jenkins Law Library; (2) Philadelphia Police 25th District; (3) Philadelphia Police 6th District; (4) Place One; (5) Kailey Mini Market; (6) Rodriguez Mini Market; and (7) Harrisburg Area Community College.

In a January 4, 2022 Order, the Court granted McDowell leave to proceed *in forma pauperis*. (ECF No. 19 at 3-4.) However, in light of McDowell's piecemeal filings and her request for an extension of time to amend her Complaint and the emergency motion she had just submitted, the Court stated that it would refrain from screening the initial Complaint so McDowell could submit a comprehensive amended complaint, and denied her Emergency Motion for Preliminary Injunction and for a Temporary Restraining Order without prejudice to her submitting an amended motion. (*Id.* at 3.) The Court directed McDowell to file her comprehensive amended complaint and amended motion by January 21, 2022. (*Id.* at 4.) The Order informed McDowell that any amended complaint would replace her initial Complaint, (*id.* at 3 (quoting *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)), and provided that:

> Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for McDowell's claims against each defendant so that it is clear to the Court what claims McDowell intends to pursue. Any Defendants who are not clearly identified will not be considered part of this case. **The amended complaint shall be a complete document that does not rely on (or incorporate by reference) the initial Complaint or any other papers filed in this case to state a claim. This means that McDowell must raise all factual allegations and claims that she seeks to bring against any named Defendants in her amended complaint. Any claims or allegations that are not included will not be considered part of this case.**

(*Id.* at 4 (emphasis in original).)

McDowell returned with an "Amended Petition to Add Defendant Parties," which seeks to add three additional Defendants to this case.[5] (ECF No. 20.) As with her prior filings of this nature, McDowell did not identify any factual basis for a claim against these Defendants. She also submitted a document titled "Amended Petition for Review" with exhibits; the submission

---

[5] In this filing, McDowell sought to add as Defendants: (1) the Dollar Tree at three locations; (2) Espinal Ramos Grocery; and (3) Madina Grocery.

totals 129 pages.  (ECF No. 21.)  The Amended Petition for Review is the same document that McDowell attached to the initial Complaint; it is addressed to the "Commonwealth courts of Pennsylvania" as related to Docket Number 809 CD 2020 and accuses DHS of violating various Pennsylvania criminal statutes, as well as McDowell's constitutional rights, in connection with its alleged surveillance, investigation, and "gang-stalk[ing]" of her, and turning friends, family, employers, neighbors, and landlord against her.  (*Id.* at 1, 3-5.)  It is unclear whether McDowell intended this filing to serve as her Amended Complaint or as exhibits in support of her initial Complaint.

## II.   STANDARD OF REVIEW

Since McDowell is proceeding *in forma pauperis*, the Court must dismiss McDowell's Complaint if, among other things, it is frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*  Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).   A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

As McDowell is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  "This means [the Court] remain[s] flexible, . . . ." *Id.* (quoting *Mala*,

7

704 F.3d at 244).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* at *2 (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant, however, "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'"  *Id.*

### III. DISCUSSION

Although McDowell has been given opportunities to file one comprehensive pleading clearly identifying all the Defendants she seeks to sue and identifying the basis for her claims against those Defendants, she has not done so.  Rather, she has submitted numerous filings, some of which are voluminous, that confuse the identity and number of Defendants named in this case and the scope of the claims against them.  McDowell's most recent submission in the form of an "Amended Petition for Review" and exhibits does not contain the caption of this case, is addressed to another court, and does not contain a request for relief, so it is better construed as a group of exhibits than an amended complaint.  Accordingly, the Court will address McDowell's initial Complaint as the governing pleading in this case, but will also consider the record as a whole in light of McDowell's *pro se* status to give McDowell the broadest possible construction of her claims.

The gist of McDowell's allegations in this case is that DHS is attempting to destroy her life by constantly surveilling her, turning her employers, landlords, relatives, and others against her, and interfering with her day-to-day life by, among other things, encouraging others to "gang-stalk" and harass her.  Given the scope of this alleged conspiracy against McDowell and the attribution of every day adverse events to this conspiracy, the Court concludes that McDowell's allegations lack a basis in fact given the scope, duration, and character of this

conduct. *See, e.g.*, *West v. United States*, 779 F. App'x 148, 149 (3d Cir. 2019) (*per curiam*) ("After carefully reviewing West's lengthy complaint and his voluminous attachments, we agree with the District Court that dismissal was proper, as West seeks relief based on his contention that he has suffered a 'covert civil death' over the course of decades due to the alleged actions of countless individuals across the world."); *Khalil v. United States*, No. 17-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (finding plaintiff's allegations "wholly incredible" when he alleged "a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors"). Accordingly, the Court will dismiss McDowell's Complaint as factually baseless.

IV.   **CONCLUSION**

For the foregoing reasons, the Court will dismiss McDowell's Complaint, construed together with her additional submissions in this case, as factually baseless. Any pending requests to add Defendants are denied. The Court concludes that further attempts at amendment would be futile and will therefore dismiss this case with prejudice. An appropriate Order follows, dismissing this case.